## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 4550 | DATE | 11/13/2002 |
| CASE TITLE | Gary Cassady vs. The Quaker Oats Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Dismiss Complaint

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons stated in the attached memorandum, Defendant's Motion to Dismiss Complaint [Doc # 5] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 18 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | 11 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | date mailed notice | |
| jar/lc | courtroom deputy's initials | 02 NOV 15 AM 11:45 | | |
| | | Date/time received in Central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| GARY CASSADY, et al., | ) |
| | ) No. 02 C 4550 |
| Plaintiffs, | ) |
| | ) HONORABLE DAVID H. COAR |
| v. | ) |
| | ) |
| THE QUAKER OATS CO., et al. | ) |
| | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Defendant's Motion to Dismiss the Complaint, filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court denies Defendant's Motion to Dismiss.

### Factual and Procedural Background[1]

Plaintiffs were formerly hourly employees at the Gaines Pet Food Plant in Kankakee, Illinois. They also were participants in an employee welfare benefit plan governed by ERISA as part of their employment. The Quaker Oats Company owned the Gaines Pet Food Plant until March 15, 1995, when they sold it to the H.J. Heinz Company. In July 1997, Heinz decided to close the Kankakee plant. At the time of the sale to Heinz, Quaker represented to Plaintiff that they would not lose any vested benefits they had already accrued under the terms of the ERISA plan. Plaintiffs believe that they did lose one specific vested benefit: a supplemental early

---

[1] The facts in this opinion are all taken from Plaintiff's Complaint, as is appropriate on a motion to dismiss for failure to state a claim. They are provided as background to this memorandum and they do not represent a conclusive determination of fact on any issue in this litigation.

1

retirement benefit under their ERISA plan. The supplemental early retirement benefit would provide moneys to eligible employees from age fifty-five until they became eligible for social security benefits. The early retirement benefit would vest "if termination of employment was by reason of plant closing or if the terminated employee lost seniority because of not working for 12 months, and in each case the Participating Employee had completed ten years of recognized service." (Pl. Comp. ¶ 32)

On June 26, 2002, Plaintiffs filed a two count complaint with this Court. Count I alleges that they were entitled to the supplemental early retirement benefit because they were essentially laid off when Heinz closed the plant in July 1997. Count II alleges that they were entitled to the supplemental early retirement benefit because they were terminated due to plant closure. Both counts assert that "Quaker's failure to include the early retirement supplement in calculating vested benefits is arbitrary, capricious, bad faith, violative of the terms of the Plan and violative of ERISA." (Pl. Comp. at ¶¶ 38, 43)

## I. STANDARD OF REVIEW

In evaluating a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. See Ameritech Corp. v. McCann, 297 F.3d 582, 585 (7th Cir. 2002). Motions to dismiss for failure to state a claim will only be granted if no set of facts exist that could support a judgment for the Plaintiff.

## II. DISCUSSION

The Defendant presses three grounds for dismissal of the complaint: 1) the decision of the Plan Administrator to deny benefits was not arbitrary or capricious; 2) Heinz' decision to close the plant cannot trigger benefits "as a matter of law"; and 3) res judicata precludes the suit.

A.  **Arbitrary and Capricious Denial of Benefits**

Defendant contends that the denial of early supplemental retirement benefits was not arbitrary and capricious. Plaintiff's complaint clearly alleges that the decision to deny benefits was arbitrary and capricious. On a motion to dismiss, the Court accepts all facts in Plaintiff's complaint as true. Therefore, this cannot be a basis upon which to grant a motion to dismiss.

B.  **Plant Closing Cannot Trigger Benefits "as a Matter of Law"**

The language of Defendant's second ground for dismissal betrays itself. The Court rarely, if ever, makes judgments as a matter of law on factual questions in ruling on a motion to dismiss for failure to state a claim. As it currently stands, the Plaintiffs are or were participants in an employee welfare benefit plan governed by ERISA. Plaintiffs allege that the closing of the Heinz Plant in July 1997 triggered the benefits under the ERISA plan. Although it is far from clear that Plaintiffs will prevail on their theory, making all reasonable inferences in their favor, it remains possible.

C.  **Res Judicata Precludes the Suit**

Defendant's most compelling argument for dismissal of the complaint is on res judicata grounds. Once again, this is more appropriate for summary judgment. Res judicata is an affirmative defense, where the defendant bears the burden of proof. See Allahar v. Zahora, 59 F.3d 693, 696 (7th Cir. 1995) ("Res judicata is an affirmative defense, and the defendant thus has the burden of showing that the issue was already litigated and resolved elsewhere."). When a motion to dismiss raises a res judicata defense, the preferred course is to convert the motion into a motion for summary judgment as allowed by Rule 12. See D&K Properties Crystal Lake v. Mutual Life Ins. Co. of New York, 112 F.3d 257, 259 n.1 (7th Cir. 1997) ("Because res judicata

3

is an affirmative defense that often requires the court to consider matters outside the complaint, the district court construed [Defendant's] motion to dismiss as a motion for summary judgment.") The Defendant suggests the Court follow this course here.

The Court is not inclined to accept Defendant's suggestion and convert the motion to dismiss into a motion for summary judgment as Rule 12 allows. The parties are scheduled to file their summary judgment motions in less than a month. All of the Defendant's arguments in its motion to dismiss are better suited to summary judgment. Particularly in an ERISA case such as this, where the parties are each likely to move for summary judgment without taking discovery, there is little harm in this short delay. The issues raised in Defendant's motion will be more completely explored at the summary judgment stage.

## CONCLUSION

For the reasons stated in this opinion, Defendant's Motion to Dismiss is denied.

Enter:

David H. Coar
United States District Judge

Dated: November 13, 2002